**HUGHES BLADES, INC., a California Corporation, and Norman P. Van Valkenburgh, Plaintiffs,**

v.

**DIAMOND TOOL ASSOCIATES, a firm composed of Meral W. Hinshaw and John F. Martyr; Meral W. Hinshaw, individually; John F. Martyr, individually; and Huther Brothers Saw Mfg. Co., Inc., A New York Corporation, Defendants.**

**No. 1156–58.**

United States District Court
S. D. California,
Central Division.

Nov. 10, 1960.

Fulwider, Mattingly & Huntley, and Francis A. Utecht, Los Angeles, Cal., for defendants.

Miketta & Glenny, Los Angeles, Cal., for plaintiff.

CROCKER, District Judge.

The court having heard defendants' motion for summary judgment on August 1, 1960, and having taken the matter under submission, and having considered the arguments of the parties and the exhibits submitted, and having concluded that there is no genuine issue as to any material fact, and having further determined as a matter of law that the improvements made by plaintiff's invention over prior art do not conform to that degree of newness specified within the Constitution, and that Claim 5 of plaintiff's patent and the letters reissue pertaining to that claim are therefore invalid, hereby orders that defendants' motion be granted.

Against the background of the Constitutional declaration in Article 1, § 8, Clause 8, that Congress shall have the power "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries;" the legislature has provided that patents may be granted for "new *and* useful" inventions, (35 U.S.C. § 101).

Only the former quality is at issue here. Plaintiffs have raised issues of commercial success, longer life and increased speed, all of which go to the issue of utility and all of which are of no avail where the test of newness has not been met.

The issue of newness involves both questions of law and questions of fact, but in different steps, Bergman v. Aluminum Lock Shingle Corp. of America, 9 Cir., 1958, 251 F.2d 801. Where there is no genuine issue as to what the prior art is, and where there is no genuine issue as to the improvements which the questioned patent makes over prior art, the issue of patentability, that is, the question of whether the improvement so found is patentable or merely the exercise of mechanical skill or a "mincing step", is a question of law, Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

Here, each of the elements of the Hughes circular saw blade was old in the art: disc, slots, cutting elements of sintered diamonds and metal, were each found by the Patent Office. Hughes' only addition was to place a hardened insert at the point of wear. Even if the patent which specifically indicates the use of a hardened element has been abandoned as contended by plaintiff, such an improvement is obvious to a layman, let alone to a person skilled in the art.

Whether or not plaintiff's use of "buttons" to protect the core of the saw blade as suggested in other claims of the Hughes patent is patentable, is not before this Court in this litigation and is not decided.

Counsel for defendants is directed to prepare form of judgment in accordance with Local Rule 7, West's Ann.Code.

The Clerk of this Court is directed to mail forthwith copies of this order to all counsel.

### Findings of Fact

#### I

Plaintiff, Hughes Blades, Inc., is a corporation organized and existing under the laws of the State of California with its regular place of business in Pasadena, California.

#### II

Plaintiff, Norman P. Van Valkenburgh, is a citizen of the State of California and a resident of San Marino, County of Los Angeles, California.

#### III

Defendant, Meral W. Hinshaw, is a citizen of the State of California and is a resident of Torrance, County of Los Angeles, California.

#### IV

Defendant, John F. Martyr, is a citizen of the State of California and is a resident of Palos Verdes Estates, County of Los Angeles, California.

#### V

Defendant, Diamond Tool Associates, is a firm composed of Meral W. Hinshaw and John F. Martyr and has a place of business at Hawthorne, County of Los Angeles, California.

#### VI

Defendant, Huther Bros. Saw Mfg. Co., Inc. is a corporation organized under the laws of the State of New York, having a place of business at Rochester, New York, and qualified to do business in the State of California, and conducts a regular and established place of business at Los Angeles, California.

#### VII

This Court has jurisdiction of the parties and of the subject matter of this action.

#### VIII

United States Letters Patent in suit No. 2,763,258 was issued by the Commissioner of Patents of the United States on September 18, 1956 to Plaintiff, Hughes Blades, Inc., as assignee.

#### IX

A bona fide dispute exists between plaintiffs and defendants as to the validity of Claim 5 of United States Letters Patent in suit No. 2,763,258, and Claims 5, 12, 13, 14 and 15 of Reissue Letters Patent No. 24,562 in suit (the reissue of said Patent No. 2,763,258). Plaintiffs have accused defendants of infringing each of the aforesaid claims. Claim 5 of said reissue corresponds exactly to Claim 5 of Patent No. 2,763,258. Claims 12,

13, 14 and 15 of said reissue recite the same combination as Claim 5 of Patent No. 2,763,258 but in narrower terminology.

## X

Patent No. 2,763,258 in suit relates to improvements in the construction of circular saw blades:

"Although the invention may be applied to a great variety of circular saws having cutting elements of various types, it is of particular utility when applied to circular saws provided with cutting segments composed of or containing diamonds or diamond chips."

Claim 5 of said patent teaches the addition of hardened elements to the peripheral portion of a segmented circular saw to prevent wear to the core of such saw. Claim 5 reads as follows:

"A saw construction comprising: a core member having side surfaces terminating in a plurality of cutting elements carried by the core member at the peripheral edge, each cutting element including metal and diamond particles compressed and sintered together, each cutting element having uniform thickness, of polygonal section, and having side faces outwardly spaced from the side surfaces on said core member; said core member being provided with slots interrupting the peripheral edge between said cutting elements, and hardened elements carried by the core member adjacent the peripheral edge and having an inner edge spaced closer to the center of the core member than inner edge portions of the cutting elements."

According to the Specification of the Hughes patent such circular saws have been, and are being, used in cutting grooves or slots in concrete or the like.

## XI

During the prosecution of the application for the Hughes Patent the Commissioner of Patents failed to cite against Claim 5 the following prior United States patents:

Bley    2,454,125
McKay  1,699,746

## XII

The authenticity of the Hughes file wrapper, the Bley Patent and the Exhibits in this Motion, was not questioned by plaintiffs. Plaintiffs contended that the McKay Patent had been abandoned. Since the court did not consider the McKay Patent in arriving at its conclusions in this Motion, this issue is irrelevant. The court did not require expert help in reading said Exhibits.

## XIII

Each element of Hughes Claim 5 was old in the prior art except for the use of hardened inserts at the point of wear. The Bley Patent shows the old combination of a disc core member formed of suitable metal, slots interrupting the peripheral edge of the core member and cutting elements of diamond particles appropriately mounted or set on the peripheral edge between the slots. It is noted that the Bley Patent does not specifically describe the cutting elements as comprising metal and diamond particles compressed and sintered together. However, the use of a cutting element comprised of metal and diamond particles compressed and sintered together was old in the saw art. This is so stated in the Specification of the patent in suit, and is also shown in the Norton Patent (British Patent No. 542,054). Hence, the only substantial addition to the prior art of Hughes Claim 5 was to place a hardened insert at the point of wear. A hardened insert did not appear in any of the prior art patents considered by the court in deciding this motion.

## XIV

Plaintiffs filed an Affidavit of J. R. Van Valkenburgh directed to the history and construction of saw blades covered by the McKay Patent. This affidavit was not controverted by defendants for the purpose of their Motion. The court did not consider the McKay Patent for the purpose of the present Motion.

## XV

Plaintiffs alleged that they were prejudiced in not receiving adequate notice of the McKay Patent for purposes of the present Motion as provided in 35 U.S.C. § 282. Since the McKay Patent was not considered, plaintiffs were not prejudiced.

## XVI

Plaintiffs alleged issues of fact relating to the commercial success, longer life, greater utility and increased cutting speed of saws made in accordance with the Hughes Patent. Defendants did not controvert such issues for the purposes of this Motion.

## XVII

In granting this Motion, the court recognized that the burden of establishing that there was no material disputed issue of fact rested upon defendants. Defendants met such burden. The court considered only nondisputed facts.

### Conclusions of Law

1. Patent No. 2,763,258 in suit is owned by Plaintiffs, Hughes Blades, Inc. and Norman P. Van Valkenburgh.

2. Any presumption that Claim 5 of said patent is valid does not subsist as to the pertinent prior art which was not cited or considered by the Patent Office.

3. The improvement of adding a hardened insert at the point of wear of a saw blade, each other element of which was old in the art, as recited in Claim 5, would have been obvious to a layman, let alone to a person skilled in the saw art. This idea appears analogous to that of extending a grocery counter, which extension the Supreme Court found unpatentable in Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L. Ed. 162. Moreover, there was nothing in the particular method of construction of any of the elements of Claim 5 which would be patentable. Hence, such improvement involved merely the exercise of mechanical skill and was not "new" as required by the patent laws. Claim 5 of the Hughes Patent is invalid and void, as are Claims 5, 12, 13, 14 and 15 of Reissue Letters Patent No. 24,562 (the Reissue of said Patent No. 2,763,258).

5. In order to meet the test of patentability, an invention must be both "new and useful", (35 U.S.C. § 101). Plaintiffs have raised issues of commercial success, longer life, greater utility and increased cutting speed, all of which go to the issue of utility and all of which are of no avail where the test of "newness" has not been met.

6. Whether or not plaintiffs' use of "buttons" to protect the core of the saw blade as suggested in other claims of the Hughes Patent is patentable, is not before the court in this litigation and is not decided.

7. Defendants are entitled to a Judgment declaring Claim 5 of Hughes Patent No. 2,763,258 to be invalid and void. There is no just reason for delay in entering the following final judgment, and the entry of such judgment is hereby expressly directed.

### Judgment

In accordance with the foregoing findings of fact and conclusions of law, it is ordered, adjudged and decreed:

1. Plaintiffs, Hughes Blades, Inc. and Norman P. Van Valkenburgh, are the owners of United States Letters Patent No. 2,763,258.

2. Claim 5 of said Patent No. 2,763,-258 is invalid and void.

3. Claims 5, 12, 13, 14 and 15 of Reissue Patent No. 24,562 are invalid and void.