Phillip M. HAMM, Sr., and Nina A. Hamm, Plaintiffs,

v.

William M. KNOCKE, Defendant.

Civ. A. No. F-564.

United States District Court, E. D. California.

Sept. 17, 1973.

Pastoriza & Kelly, John E. Kelly, Santa Monica, Cal.; Huebner & Worrel, David E. Leslie, Richard M. Worrel, Fresno, Cal., for plaintiffs.

Kurlander, Solomon & Hart, Charles R. Hart, Jr., Santa Monica, Cal., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

CROCKER, District Judge.

### FINDINGS OF FACT

1. This is a civil action wherein Phillip Hamm and Nina Hamm, his wife, the Plaintiffs in this lawsuit charge the sole Defendant, William M. Knocke, with infringement of their alleged service mark and trademark rights in the words DROWNPROOF and DROWNPROOF-ING and the like, charge the Defendant with related unfair competition and also charge the Defendant with alleged infringement of a copyrighted motion picture.

2. Jurisdiction for this lawsuit is proper, as conceded by Defendant, under the Lanham Act, 15 U.S.C. § 1051 et seq., and 28 U.S.C. § 1338(a) & (b) for the trademark and service mark infringement claims as well as the related unfair competition claims—and—under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1338(a) for the copyright infringement claim.

3. Phillip M. Hamm and Nina A. Hamm own and operate a business identified by the trade name and service mark Little Folks Swim School located at 4048 East Butler Avenue, Fresno, California.

4. Among other business activities conducted at the Little Folks Swim School, Plaintiffs teach water survival lessons directed primarily at young people, to assist them in avoiding or minimizing the chances of drowning.

5. The terms DROWNPROOF and DROWNPROOFING and the like have been used by Plaintiffs since the summer of 1962 in advertising and promotional literature to inform their customers and the general public about their water survival lessons and services.

6. The Plaintiffs obtained and own a State of California Service Mark Registration No. 1030, granted Nov. 30, 1970 for the name "DROWNPROOF" used in connection with, as stated in the registration, "the teaching of techniques for avoiding drowning. The teaching is particularly suited to children from six months to thirteen years of age and is not primarily concerned with swimming instructions".

7. The Defendant was an employee of the Little Folks Swim School from time to time in the capacity of a swim-

ming instructor during which time he taught the water survival lessons called DROWNPROOF or DROWNPROOF-ING.

8. During his employment with the Little Folks Swim School in the summer of 1969 Defendant assisted the Plaintiffs and others in making a motion picture which came to be called "How to Drownproof Your Child". A portion of this motion picture film shows Defendant teaching the type of water survival lessons called DROWNPROOF or DROWNPROOFING. Defendant obtained a copy of this motion picture in the Fall of 1969.

9. In December 1970 a Certificate of Copyright Registration No. Mp20897 was granted to Plaintiff, Phillip M. Hamm by the United States Copyright Office for the motion picture entitled "How to Drownproof Your Child".

10. Plaintiffs and Defendant terminated their employment relationship after which Defendant commenced competing with them under the trade name AQUAKINETICS whose principal business address is in Fresno, California.

11. In advertising his water survival services the Defendant also referred to the names DROWNPROOF and DROWNPROOFING and exhibited the copy of the motion picture "How to Drownproof Your Child" in his possession.

12. Upon learning that Defendant was using the names DROWNPROOF and DROWNPROOFING in connection with his water survival lessons and also was using plaintiff's copy of the motion picture "How to Drownproof Your Child" the Plaintiffs protested and demanded that the Defendant cease all such activities. The Defendant refused and so Plaintiffs initiated this lawsuit.

13. The Plaintiffs' claim that the names DROWNPROOF and DROWN-PROOFING exclusively identify them as a source of water survival services and operate to distinguish Plaintiffs' services from water survival services of all others.

14. The term DROWNPROOF can be said to designate the effect or purpose of Plaintiffs' advertised services. The purpose of teaching the flotation system of water survival is to prevent students from drowning. Thus the effect sought to be obtained is to make the pupil "DROWNPROOF".

15. "DROWNPROOF" is more appropriately classified as a descriptive term rather than one which is arbitrary or fanciful. Webster's New World Dictionary, Second College Edition, 1968, page 1138 defines "proof" as follows: "2. protected from or against". It requires little imagination or thought to interpret this term to mean that the Plaintiffs' method of instruction provides a procedure by which drowning can be protected against. The common usage of this term is descriptive of the Plaintiffs' survival techniques.

16. The descriptive sense in which Plaintiffs have used the words DROWN-PROOF and DROWNPROOFING is shown by Plaintiffs' own advertising and promotional materials, some of which have made the following statements to consumers and the general public:

A. "DROWNPROOF Your Family!"

B. " 'DROWNPROOFING' This method of survival is included in our instruction. Children can stay afloat for hours . . ."

C. "DROWNPROOF Your Family! A unique water survival technique"

D. "DROWNPROOF is . . . water survival"

E. "DROWNPROOF is . . . the Little Folks Swim School's exclusive method of water survival taught to the very young"

F. "DROWNPROOF Your Children"

17. Some of Plaintiffs' advertising and promotional literature contains excerpts from testimonials given by their customers, some of the statements being as follows:

A. "Every child should be DROWN-PROOFED by your method".

B. "I made fifty trips, etc. to have my children DROWNPROOFED by your able instructor".

C. "In my honest opinion I liked the DROWNPROOFING lessons".

D. "In our opinion the DROWNPROOF swim program at Little Folks Swim School is excellent".

E. "What your DROWNPROOF program has done to relieve my mind of the terrible worry of my grandson drowning in a pool, ditch, lake, etc., so, so wonderful . . ."

18. The specimen brochure attached to Plaintiffs' State of California Service Mark registration includes the following statements:

A. "DROWNPROOF Your Family!"

B. " 'DROWNPROOFING' this method of survival is included in our instruction. Children can stay afloat for hours . . ."

19. The advertising specimens submitted with Plaintiffs' pending U. S. service mark application for registration of the word DROWNPROOF includes the statement:

"DROWNPROOF Your Family! The unique water survival technique"

20. The Plaintiffs have attempted in some of their advertising and promotional materials to create the impression that they have exclusive rights to the water survival techniques performed under the names DROWNPROOF and DROWNPROOFING. In one item of Plaintiffs' advertising there is a statement that:

"DROWNPROOF is . . . the Little Folks Swim School's exclusive method of water survival taught to the very young . . ."

21. In another item of Plaintiffs' advertising there is a statement that:

" 'DROWNPROOF' is the service mark of Little Folks Swim School of 4048 East Butler Avenue, Fresno and no other person, firm, or corporation has permission to use the mark or to copy or simulate the lessons which are offered under the mark as developed by Nina Hamm in Fresno approximately eight years ago".

22. Plaintiffs have given DROWNPROOF or DROWNPROOFING lessons to over 7,000 students and have spent approximately $15,000 in promoting and advertising their water survival lessons called DROWNPROOF or DROWNPROOFING.

23. The book written by Fred Lanoue entitled "DROWNPROOFING" published by Prentiss-Hall (1963) has been widely read throughout the United States.

24. The popularization of "DROWNPROOFING" in the United States as a type of swimming survival skill is traceable to Fred Lanoue, a former professor at Georgia Tech. who passed away in 1965.

25. Some of Plaintiffs' earlier advertising and promotional materials reflected the contributions of Fred Lanoue as indicated by the following statement:

" 'DROWNPROOFING'—Fred R. Lanoue's method of survival is included in our instruction".

26. The words DROWNPROOF and DROWNPROOFING have appeared in various national magazines such as Readers' Digest, Life, Post, and in U. S. Government literature.

27. Many organizations including the Red Cross, the U. S. Marines and the U. S. Peace Corps have employed the word DROWNPROOF to describe their water survival techniques.

28. In the summer of 1971 Fresno County in cooperation with the Fresno County District of the American Red Cross sponsored a "DROWNPROOF Week" and the Mayor of Fresno, Ted C. Wills, issued a proclamation proclaiming " . . . the period of June 28 to July 3, 1971 as Water Safety Week in Fresno to help 'DROWNPROOF' this community!"

29. Plaintiffs' asserted service mark rights in the names DROWNPROOF and DROWNPROOFING have been

wide-ranging and Plaintiffs have sent communications to the American Red Cross, the Y.M.C.A. and a municipal government that they were deemed to be committing infringement or unfair competition relative to common law service marks or registration rights owned by Plaintiffs relating to the names DROWNPROOF or DROWNPROOF-ING.

30. The names DROWNPROOF and DROWNPROOFING were not originated by Plaintiffs, were not first used by Plaintiffs and have never been used exclusively by Plaintiffs in connection with water survival lessons either in California or the United States.

31. The names DROWNPROOF and DROWNPROOFING are not capable of identifying the Little Folks Swim School as a source of water survival lessons and are incapable of distinguishing the services of Plaintiffs from water survival lessons offered by others.

32. Any Finding of Fact which is held to be a Conclusion of Law shall be deemed to be a Conclusion of Law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the entire subject matter of this lawsuit and over Plaintiffs and the Defendant.

2. Summary judgment is a proper and practical procedure for disposing of all issues pertaining to the invalidity and non-protectability of the names DROWNPROOF and DROWNPROOFING as used by Plaintiffs in connection with their water survival lessons. Van Camp Seafood Co. v. Westgate Sea Products Co., 28 F.2d 957 (9th Cir. 1928); Hughes Blades Inc. v. Diamond Tool Associates, 191 F.Supp. 480 (DC SD Cent.Div.Cal.1960).

3. There is no outstanding material issue of fact as to the descriptiveness and significance of the words DROWNPROOF and DROWNPROOFING and therefore Summary Judgment is appropriate. In Proler Steel Corp., Inc. v. Luria Bros. & Co., 417 F.2d 272 (9th Cir. 1969) the Court stated:

"It is well settled, in this and other circuits, that summary judgment, holding a patent claim invalid, is proper if the foregoing requirements are met [numerous 9th Circuit cases cited]. As is pointed out in some of the foregoing cases, it is not error to grant summary judgment even though there be some issues of fact presented in the affidavits, or other evidence before the court. The issues must be 'of material fact'; if they are not, summary judgment is proper".

4. Defendant has acknowledged that Plaintiffs own the copyright for the motion picture "How to Drownproof Your Child" and has promised to deliver all copies and parts of copies of the motion picture which are in his possession to the Plaintiffs' attorneys.

5. Accordingly, the Court concludes that Plaintiffs are the owners of U.S. Copyright Registration Mp20897 for the motion picture "How to Drownproof Your Child" and are entitled to possession of all copies and parts of copies of that motion picture which are in the possession, custody or control of Defendant.

6. Designations are said to be descriptive if they naturally and normally direct attention to the effect or purpose of the service. 3 Callman, unfair competition, trademarks and monopolies 112, Section 71.1 (Third Edition 1969). The term DROWNPROOF only designates the effect or purpose of Plaintiffs' advertised water survival services.

7. The general rule is that a word which is merely descriptive of services may not be appropriated as the exclusive trademark or service mark of a single seller. Moreover, registrations that are merely descriptive are invalid and should be ordered cancelled. In Bada Co. v. Montgomery Ward & Co. Inc., 426 F.2d 8 (9th Cir. 1970) the Court stated:

"The law is that a word which is in its primary meaning merely descriptive of the goods to which it is applied may not be appropriated as the exclu-

sive trademark of a single seller, since one competitor will not be permitted to impoverish the language of commerce by preventing his fellows from fairly describing their own goods".

8. One may not register a name that is "merely descriptive" either federally, 15 U.S.C. § 1052(e)(1) or in the State of California, Business and Professions Codes, Section 14220(e)(1) and any registrations so granted that are invalid may be ordered cancelled under 15 U.S. C. § 1119 and California Business and Professions Code Section 14282 respectively.

9. The lack of trademark or service mark significance in names that are merely descriptive has long been recognized by the U. S. Supreme Court. Canal Co. v. Clark, 13 Wall. 311, 20 L.Ed. 581; Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U.S. 446, 31 S.Ct. 456, 55 L.Ed. 536 (1911). See also Van Kamp Seafood Co., Inc. v. Cohn-Hopkins et al., 56 F.2d 797 (9th Cir. 1932).

■ 10. Although a descriptive term fails to endow its user with the exclusive right to use it, if it has by use and association acquired a "secondary meaning" then it may acquire exclusivity. 3 Callman supra, 337–340 Section 77.1.

11. Some of the factors that have been used in determining the existence of a secondary meaning by the Courts are: length and manner of use; extent of advertising, including the amount spent; and the number of customers. Cowles Magazines and Broadcasting, Inc. v. Elysium, Inc., 1967, 255 Cal.2d 731, 63 Cal.Rptr. 507.

■ 12. For a word to have a "secondary meaning" it must have been used so long and so exclusively by Plaintiff with reference to his service that to the purchasing public the word has come to mean that the service was Plaintiff's. G & C Merriam Co. v. Saalfield, 198 F. 369, 373 (6th Cir. 1912) Aff'd. and modified Saalfield Publishing Co. v. G & C Merriam Co., 238 F. 1 (6th Cir. 1917), cert. den. 243 U.S. 651, 37 S.Ct. 478, 61 L.Ed. 947 (1917).

■ 13. Plaintiffs' advertising alone shows the accurate and realistic meaning of the words DROWNPROOF and DROWNPROOFING which serve to inform customers and the general public as to the nature and type of services being offered by Plaintiffs. The names DROWNPROOF and DROWNPROOFING as used by Plaintiffs have not acquired a secondary meaning. The Plaintiffs have not been using the terms DROWNPROOF and DROWNPROOFING in an exclusive manner. Also, neither the number of Plaintiffs' students —over 7,000—nor the amount spent in advertising—$15,000—would seem to be sufficient to infer that the general public would associate DROWNPROOFING only with Plaintiffs' services. Thus, the word DROWNPROOF is not a protective trademark or service mark.

■ 14. Rights cannot be created in common descriptive names merely by registration and Plaintiffs' State of California service mark registration for the name DROWNPROOF is invalid. Concerning this principle, Judge Barnes in Friend v. H. A. Friend & Co., Inc., 416 F.2d 526 (9th Cir. 1969) stated:

"We begin by pointing out that the 'basic premise [of trademark law is] that a trademark is not acquired by registration. The right to a trademark stems from prior appropriation and use . . . Federal registration does not create a trademark. The trademark comes from use, not registration, and the right to it is in the nature of a property right based on common law".

15. Many organizations including the Red Cross, U.S. Marines and U.S. Peace Corps have employed the words DROWNPROOF and DROWNPROOFING to describe their water survival techniques and as such may be benefiting from the good will created by Fred Lanoue. All of these organizations, together with Plaintiffs and the Defendant, have a perfect right to share in the good will and popularity attaching to the phrases DROWNPROOF and DROWNPROOFING and the water skills asso-

ciated with these names. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73 (1938).

16. Plaintiffs have acted improperly by attempting to create the belief in their advertising and promotional materials that DROWNPROOF and DROWNPROOFING are their exclusive names and also that the water survival methods called DROWNPROOF and DROWNPROOFING are exclusive lessons which competitors and others are not permitted to copy or simulate without Plaintiffs' permission.

17. The names DROWNPROOF and DROWNPROOFING and variations of these two names are merely descriptive of water survival and safety programs and the like taught by Plaintiffs and Defendant. These words are in the public domain for all to freely use and are not trademarks or service marks or any other kind of exclusive property rights under the common law of California or under federal law.

18. The names DROWNPROOF and DROWNPROOFING and variations of these two names are incapable of identifying and distinguishing Plaintiffs as a source for services relating to water survival and water flotation system lessons. Plaintiffs have no right to use the common law notation "TM" for trademarks or the common law notation "SM" for service marks, implying or suggesting that they own exclusive rights to the names DROWNPROOF and DROWNPROOFING.

19. There is no material triable issue of fact in this entire case and all of the questions presented by Plaintiffs' claims can be and hereby have been resolved by summary judgment or concession by Defendant.

20. Defendant has suffered some damage by being wrongfully enjoined without bond from using the names DROWNPROOF and DROWNPROOFING for over the past one and one half years. Plaintiffs have suffered some damage by Defendant's improper use of the motion picture "How to Drownproof Your Child". The amounts of damage for both parties are nominal, countervailing and too speculative to assess.

21. The parties shall bear their own costs and attorney fees.

## JUDGMENT

Defendant's Motion for a Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure concerning Plaintiffs' alleged trademarks or service marks in the names DROWNPROOF and DROWNPROOFING came on for a full hearing on May 2, 1973 and the Court has now considered:

1. Defendant's Motion and accompanying Memorandum of Points and Authorities, Affidavits and Exhibits, filed March 15, 1973.

2. Plaintiffs' papers in opposition to Defendant's Motion filed March 30, 1973.

3. All pleadings, documents, affidavits, exhibits and papers previously filed in this lawsuit or introduced for the purpose of the hearing.

Pursuant to the Findings of Fact and Conclusions of Law and Order for Judgment filed contemporaneously herewith and this Court's Memorandum Opinion of May 31, 1973 IT IS HEREBY ORDERED THAT:

I. This Court's Preliminary Injunction against Defendant granted Aug. 25, 1971 restraining him from using the words DROWNPROOF, DROWNPROOFING and AQUAPROOFING is dissolved.

II. Plaintiffs' State of California service mark registration no. 1030 granted Nov. 30, 1970 for the name DROWNPROOF is invalid and is hereby cancelled.

III. The names DROWNPROOF and DROWNPROOFING and variations of these two names are merely descriptive of water survival and safety programs and the like taught by Plaintiffs and are not trademarks or service marks or any other kind of exclusive property right

under the common law of California or under federal law.

IV. The names DROWNPROOF and DROWNPROOFING and variations of these two names are incapable of identifying and distinguishing Plaintiffs as a source for services relating to water survival and water flotation system lessons.

V. Defendant and his agents, employees, privees, business affiliates and customers are adjudged and declared free of;

A. Committing infringement of Plaintiffs' California service mark registration no. 1030 granted Nov. 30, 1970 by using the names DROWNPROOFING and DROWNPROOF and the like for descriptive or any other purposes.

B. Committing infringement of any alleged service mark or trademark rights of Plaintiffs in the names DROWNPROOF and DROWNPROOFING and the like arising under State or Federal law.

C. Committing unfair competition against Plaintiffs by usage of the names DROWNPROOF and DROWNPROOFING or the like in the promotion, advertising and selling of Defendant's services.

VI. Plaintiffs and their agents, employees, privees, business affiliates, successors and all persons acting under or by authority of Plaintiffs or any persons acting in concert or participation with them or any of them are hereby enjoined and restrained from;

A. Advising Defendant's existing or potential customers that Defendant has committed trademark infringement and/or unfair competition by reason of Defendant's usage of the names DROWNPROOF and DROWNPROOFING or the like for any reason whatsoever including use of these names in connection with promoting, advertising and selling Defendant's services.

B. Using the notations "TM" for trademark or "SM" for service mark near the words DROWNPROOF and DROWNPROOFING or the like in their advertising, promotional materials, trade literature and all other things in writing.

C. Informing their customers or the general public directly or indirectly by any form of written or oral communication that Plaintiffs have exclusive or protectable rights in the names DROWNPROOF or DROWNPROOFING or the like.

D. Informing their customers or the general public directly or indirectly by any form of written or oral communication that Plaintiffs have exclusive or protectable rights in water survival techniques described and known by the names DROWNPROOF and DROWNPROOFING and the like.

VII. Plaintiffs are the owners of U. S. copyright registration Mp20897 for the motion picture "How to Drownproof Your Child" and are entitled to possession of all copies and parts of copies of that motion picture which are in the possession, custody or control of Defendant.

VIII. Defendant and his agents, employees, privees, business affiliates, successors and all persons acting under or by the authority of Defendant or any persons acting in concert or participation with him or any of them are hereby enjoined and restrained from;

A. Copying, printing, distributing or exhibiting any portions of Plaintiffs' motion picture "How to Drownproof Your Child".

B. Representing himself to be a representative of the Little Folks Swim School or in any way palming off his services as those of the Little Folks Swim School.

IX. Defendant is ordered to deliver up to Plaintiffs' attorneys of record Huebner & Worrel and David E. Leslie and Richard M. Worrell the motion picture "How to Drownproof Your Child" and all simulations and copies of the mo-

tion picture as well as all segments and parts of the motion picture within 4 weeks of the date when this judgment is filed and entered.

X. The Court hereby retains jurisdiction over the parties to this lawsuit for the purpose of enforcing this judgment and any injunction issued pursuant to an order of this judgment.